R. GWYN WYATT v. NASH JOHNSON & SONS FARMS, INC.

No. 875SC605

(Filed 6 September 1988)

**Master and Servant § 10— termination of employment—terms of contract unenforceable upon termination**

Upon the termination of plaintiff's employment, effected by plaintiff's securing other employment and accepting defendant's termination notice, defendant was required to pay the ad valorem taxes on plaintiff's house for 1984 but was not required to pay taxes, insurance, and college expenses which accrued or became due after plaintiff's employment ceased; moreover, defendant had no right to collect a loan for plaintiff's house until expiration of the seven-year period provided for in the employment contract.

APPEAL by defendant from *Phillips, Herbert O., Jr.* and *Griffin, William C., Jr., Judges.* Order entered 12 December 1986 and

judgment entered 4 February 1987 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 3 December 1987.

Plaintiff sued to recover for breach of an employment contract, and following a hearing at which depositions and other materials were considered Judge Phillips, by an order of partial summary judgment, ruled that defendant breached the contract in certain respects. Later, following a trial without a jury, Judge Griffin determined plaintiff's damages. Defendant appealed both adjudications. The pertinent facts follow:

On 27 December 1979 defendant, whose business is situated in New Hanover County, employed plaintiff, then living and working in Charlotte, as its Corporate Comptroller and Chief Finance Officer by a written contract containing the following provisions:

1. *Term.* The Term of this employment shall begin December 27, 1979, and shall continue until either party hereto gives the other party twelve (12) months notice of his desire that this employment be terminated.

2. *Compensation.* For all services rendered by the Employee under this Agreement, the Employer shall pay the Employee the following:

a. The sum of FORTY-FOUR THOUSAND TWO HUNDRED AND NO/100 ($44,200.00) DOLLARS, each year . . .

b. Extend to the Employee immediately credit of at least ONE HUNDRED THOUSAND AND NO/100 ($100,000.00) DOLLARS . . . in cash money in order that same may be used by the Employee to purchase a dwelling . . . the Employee and his spouse shall simultaneously execute an appropriate promissory note payable after seven (7) years . . . without interest until demand is made.

c. The Employer shall pay all ad valorem town and county taxes and insurance as assessed and acquired in connection with the ownership of said dwelling during the first seven years of this employment.

d. The Employer shall provide the Employee with an appropriate automobile . . .

. . . .

g. Employer shall pay a sum of money sufficient to . . . educate the Employee's two children . . . thereby enabling said children to attend a degree granting college or university of their choice and so long as they earn passing grades while continuously enrolled; such funds . . . shall be paid to the Employee by July 15 of the year prior to the enrollment of either of said children in the college of his choice which will include sufficient funds to pay such child's education for the entire college year and which will include tuition, room and food, but will not include clothing, spending money and transportation.

. . . .

4. *Mutual Understanding.* Parties hereto agree that the provisions hereinabove made with reference to extending credit for the purchase of a residence of Employee in New Hanover County shall continue in existence and be binding for the full seven (7) year period notwithstanding that this Employment Agreement may be terminated prior thereto, provided, however, in the event the Employee gives notice of his desire to terminate said employment as hereinabove set forth, his obligation as indicated by the promissory note and deed of trust above referred shall become due 90 days after such notice having been given and he shall thereupon be required to pay said note and deed of trust in full pertaining to the acquisition of his dwelling in New Hanover County at such time.

Plaintiff and his family then moved to New Hanover County, where he and his wife bought a home with $94,135.40 loaned to them by defendant, which they secured by a deed of trust on the property, and so far as the record shows no problem in regard to the contract arose until 19 March 1984. On that day defendant notified plaintiff by letter that his employment was "hereby terminated" and that the letter was the twelve months' notice required by the contract. In April, 1984 defendant hired Don Taber to coordinate and supervise its financial activities and directed plaintiff to report to him. On 4 June 1984 plaintiff wrote defendant stating that he had secured other employment and accepted defendant's termination notice "effective at 5:00 PM on Friday, June 15, 1984," and that a more formal notice was being prepared

for the Board of Directors. On 5 June 1984 plaintiff's attorney wrote defendant stating that plaintiff's letter was written "with the full understanding and impression" that paragraphs 2b, c and g of the employment agreement would continue in "full force and effect" and hoped that defendant would honor those provisions. By letter on 13 June 1984 defendant advised plaintiff's attorney that plaintiff's resignation "effective as of June 15, 1984, is hereby accepted" and stated that they were studying the other provisions of his letter and would let him know later "what our position is going to be." On 26 June 1984 plaintiff advised defendant that the sons' college expenses for the 1984-85 school year — one son was a rising senior at Georgia Tech, the other a rising sophomore at Clemson — would amount to $11,461 and requested payment by 15 July, but no payments were made. On 18 July 1984 defendant demanded that its loan to plaintiff be paid on or before 14 September and stated that if payment was not made steps to foreclose would be taken. Plaintiff then filed this suit, alleging that defendant had breached the employment agreement by failing to pay his children's college expenses, demanding payment of the mortgage loan, and threatening foreclosure; and that because of payments that were either due or to become due in future years defendant was indebted to him in the amount of $67,246. By its answer defendant denied any breach and counterclaimed, alleging that plaintiff had breached the contract by quitting its employment before the twelve months' notice period expired.

By his order of partial summary judgment, Judge Phillips ruled that the contract and other exhibits established as a matter of law that defendant (a) terminated the contract both by its 19 March 1984 letter and by diminishing plaintiff's duties in April, 1984 and putting him under Taber's supervision; (b) breached the contract by failing to pay the college expenses of plaintiff's sons, by demanding payment on the note and deed of trust, and by failing to pay the taxes and insurance on plaintiff's home; (c) had no right to demand payment of the note and deed of trust until seven years after their date; and (d) was obligated to pay the college expenses of both sons "so long as they earn passing grades while continuously enrolled." Following trial of the damages issue, Judge Griffin entered judgment requiring defendant —

(1) to pay the undergraduate school expenses of plaintiff's son, Kevin, at Georgia Tech from 1 July 1984 through 31 August 1985, and graduate school (masters degree in education) from September, 1985 through 15 June 1987, and the undergraduate school expenses of plaintiff's son, Roger, at Clemson from 22 July 1984 through December, 1987, and his graduate school expenses thereafter from 1 January 1988 through December 1989.

(2) to pay the insurance on plaintiff's home for 1985 and 1986 and the ad valorem taxes for 1984, 1985, 1986 and 1987.

*Marshall, Williams, Gorham & Brawley, by Lonnie B. Williams, for plaintiff appellee.*

*Wells, Blossom & Burrows, by Richard L. Burrows, for defendant appellant.*

PHILLIPS, Judge.

In entering the order of partial summary judgment the trial court correctly held that the parties' contract, correspondence and other materials are without significant ambiguity or conflict and their meaning and effect is thus a matter of law for the court to determine. *Briggs v. American & Efird Mills, Inc.*, 251 N.C. 642, 111 S.E. 2d 841 (1960). But the court's determinations in the order as to what the materials mean are largely erroneous, as are the provisions of the final judgment based thereon.

*First,* the *employment contract* was not terminated either by defendant's 19 March 1984 letter or in April, 1984 by defendant changing the nature of plaintiff's duties, as the order states; nor for that matter was it terminated at any other time, as it is still in effect to some extent. What was terminated, as the court perhaps meant to state, was *plaintiff's employment or the parties' employee-employer relationship;* and that was terminated on 15 June 1984 at 5 o'clock in the afternoon by mutual agreement as a result of plaintiff accepting defendant's termination notice effective at that time, of defendant accepting the terms of plaintiff's acceptance, and of plaintiff working and being paid until but not after that time. Defendant's earlier letter, instead of terminating either the contract or plaintiff's employment, merely notified him as the contract authorized that his employment would end a year

later. Thus, until plaintiff agreed to quit before then and defendant agreed that that would be satisfactory each clearly had a right under the contract for the relationship to continue until the year was out.

*Second,* the ending of plaintiff's employment ended defendant's obligation to pay the taxes and insurance on plaintiff's house and the college expenses of his sons, and the court's determination to the contrary is erroneous. The contract, as the excerpts quoted above show, entitled plaintiff to receive the following from defendant in compensation for his employment: a weekly salary, a paid vacation, the use of a company automobile, the payment of the taxes and insurance on his house, the payment of the college expenses of his sons, and an interest free loan to cover the down payment on a house. Plaintiff concedes that defendant's obligation to pay his salary, including while on vacation, and furnish him with a company car ceased when his employment terminated; but he maintains, and the court agreed, that the three other benefits or compensations provided for in the paragraph survived that event. The obligation to continue the interest free loan did survive the termination of plaintiff's employment, as the court correctly ruled, but only because Paragraph 4 of the contract explicitly required defendant to continue the loan until seven years after its date; but nothing in the contract suggests that defendant's obligation to pay the insurance and taxes on plaintiff's house and the college expenses of his sons continued after plaintiff's employment ceased. On the other hand, what is stated in the contract clearly establishes that those obligations ceased with plaintiff's employment. The opening sentence of Paragraph 2, entitled *Compensation,* states that all the compensations and benefits therein listed were to be paid or furnished by defendant to plaintiff "[f]or all services rendered by the Employee." The provision of Paragraph 2c requiring defendant to pay the insurance and taxes on the house is expressly limited by the phrase "during the first seven years of this *employment,*" (emphasis supplied), which is quite different from the unqualified requirement to maintain the interest free loan for seven years, and since plaintiff's employment lasted only four and a half years defendant cannot be required to pay these benefits for any period longer than his employment. And the provision in Paragraph 2g concerning the children's college expenses required defendant to pay the sums

due thereunder "to the Employee," which plaintiff no longer is and has not been since 15 June 1984. These provisions do not entitle plaintiff to continue receiving these benefits even though no longer employed by defendant, as the court ruled; they can only mean, in our judgment, that the parties intended and understood that these benefits were not bonuses of indefinite duration for signing the contract, but were perquisites of plaintiff's employment that would end when his employment ended.

Thus, defendant did not breach the contract by refusing to pay the taxes, insurance and college expenses that accrued or became due after plaintiff's employment ceased on June 15, 1984, and plaintiff's claims for the recovery of those sums should have been dismissed. If, however, plaintiff had remained in defendant's employment until July 15, 1984, defendant would have been obligated at that time, as Paragraph 2g of the contract provides, to pay the college expenses of his children for the upcoming year. But since plaintiff was not an employee of defendant when those expenses or the taxes and insurance payments for 1985 and thereafter accrued or became due the contract did not require defendant to pay them. We therefore vacate the provisions of the order of partial summary judgment and the judgment requiring defendant to pay (1) the college expenses of plaintiff's children after 15 June 1984; (2) the ad valorem taxes on plaintiff's house for the years 1985, 1986, and 1987; and (3) the insurance on plaintiff's house for 1985 and 1986. We affirm the provisions in the order and judgment requiring defendant to pay the 1984 ad valorem taxes on plaintiff's home, as that obligation accrued before plaintiff's employment terminated; and the holding that defendant had no right to collect the loan until 21 January 1987, which matter is moot since that date has passed. And we remand the matter to the Superior Court for the entry of judgment in harmony with the provisions of this opinion.

Affirmed in part; vacated in part; remanded with instructions.

Judges WELLS and PARKER concur.